Per Curiam.

The occasion for this opinion is that the ringing periods of the dissent require the majority to make some explanation of the grounds of their decision to escape the imputation of being unable to keep up with the social advances of the law. Possibly also we speak in this respect for the court below who in the situation is voiceless but whose action we have affirmed.
The plaintiffs are a father and his infant son who sued their landlord for negligence. The negligence complained of was that *368 each of these plaintiffs was bitten by a rat whose presence in their bed was accounted for by the failure of the defendant to maintain the premises in a proper manner. The fact and the cause were sufficiently established and no one complains of error in the jury’s finding in favor of the plaintiffs. The difficulty is in the amount of the award of damages. The jury’s verdict was for $500 in favor of the father and $3,000 for the son. The trial court set this verdict aside unless it was stipulated that the verdict for the infant be reduced to $750.
We believe that disposition to be entirely proper. The injuries of the father and the son were identical. Each has a permanent sear, but each scar is the result of two punctures of pinpoint diameter and as early as the time of the trial were visible only on the closest inspection. While a ratbite is a source of possible infection no disease or ill effect resulted. Our colleague points to possible psychic trauma resulting to the boy from this experience. But no such claim was pleaded in the complaint, alleged as item of injury in the bill of particulars or proved at the trial. In fact the absence of all such sequelae was proved by the plaintiff’s physician who attended the boy. The jury has appraised the damage to the father including medical bills, at $500. An award six times greater for the same injuries without medical expense is not sustainable.
It is observed in the dissent that it is the duty of landlords to keep their buildings fit for human habitation and the insensitivity of absentee landlords is not to be condoned. We grant the statement and though admiring its phrasing cannot discern its relevance. Liability is not the question. Are we to imply that excessive damages are to be approved as our contribution to a campaign for improving conditions in housing of minrtTmrn standards ? The parade of legal progress may have passed us by but our impression was that damages in personal injury cases are awarded to compensate the plaintiff and neither to punish the defendant nor to educate him to a sense of his responsibilities. The infliction of penalties has, up to now, been considered a province of the penal laws.
Also our colleague deprecates setting aside the jury’s verdict. This attitude is based on a statement that upon proper evidence they reached a just assessment of damages. This begs the question. Further it is claimed that juries agree with the judges’ decisions in 95% of the cases, that setting aside verdicts is becoming too common and represents a distrust of juries. No source of this interesting statistic is given but assuming its accuracy it is hard to see how almost complete agreement can engender an instinctive distrust. The court below as all trial *369 courts is admonished to steer the jury to the right result by “ judicial leadership.” Leadership as a matter of definition carries the implication of a goal and the direction toward that goal. The concept is confusing and we fear at odds with the accepted ideal of judicial conduct. By ‘1 leading ’ ’ the jury to the just result (that is what the judge believes is the just result) he must first arrive at the correct appraisal of the facts, thereby supplanting the jury in its primary function. And to convey his impressions without the sacrifice of impartiality calls for greater talents than most of us possess.
In any event the Legislature has not yet seen fit to replace section 549 of the Civil Practice Act, nor to limit its application beyond what its own terms provide. In a case where, as here, it applies, the judge has a duty to invoke its provisions. This is what was done here and we accordingly affirm.
The order so far as appealed from should be affirmed, with $10 costs.